IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | NO. CIV-13-132-D |
| ) | |
| $29,410.00 IN THE UNITED STATES ) | |
| CURRENCY, More or Less, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's motion to strike the claim of Claimant Walter Kevin Moore III, a/k/a Walter John Moore III [Doc. No. 15]. Also before the Court is a motion to allow Claimant an opportunity to respond to Plaintiff's motion and to file motions related to the pleadings filed by the United States on February 5, 2013 [Doc. No. 16]. Plaintiff has filed a response to Claimant's motion [Doc. No. 17].

Plaintiff's motion to strike Claimant's verified claim in this civil forfeiture case is predicated on Claimant's failure to file an Answer to the Verified Complaint for Forfeiture *In Rem* filed February 5, 2013 and, more particularly, on Claimant's failure to answer special interrogatories served on Claimant on April 11, 2013. Claimant's out-of-state counsel signed for receipt of the discovery requests on June 27, 2013. The United States agreed to extensions of time for Claimant to answer the special interrogatories until 2:00 p.m. on September 26, 2013. No responses were submitted to Plaintiff. As Plaintiff points out, Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty and Maritime Claims and Asset

Forfeiture Actions ("Supplemental Rules") provides that "[a]t any time before trial the United States may move to strike a claim or answer for failing to comply with ... Rule G(6)." Rule G(6)(b) provides that "[a]nswers or objections to special interrogatories must be served within 21 days after the interrogatories are served."

Courts in this district and elsewhere have granted the government's motions to strike verified claims and answers for failure to respond to special interrogatories. *See, e.g. United States v. $40,449.00 in U. S. Currency*, 2012 WL 234421 at *1 (W.D. Okla. Jan. 25, 2012)(No. 11-362-F); *United States v. $15,000.00 in U. S. Currency,* 2012 WL 3000649 at *2 (S.D. Miss. July 23, 2012)(No. 1:11CV97HSO-JMR); *United States v. $29,970.00 in U. S. Currency*, 2010 WL 933762 at *1 (S.D. Ga. Mar. 16, 2010)(Civ. No. 1:09-139); *United States v. Approx. $24,700 in U. S. Currency*, 2012 WL 458412 at *1 (E.D. Cal. Feb. 10, 2010)(No. 2:10-cv-03118-GEB-DAD); *United States v. Twelve Thousand Eight Hundred Twelve and 00/100 Dollars*, 2012 WL 4848979 (S.D. Ohio Oct. 11, 2012)(Civ. Action No. 2:12-cv-183); *United States v. 2006 Dodge Charger SRT-8*, 2011 WL 2601028 at *2-3 (E.D. Tenn. June 30, 2011)(No. 3:09-CV-518). Supplemental Rule G allows the United States to obtain information relevant to a claimant's standing through special interrogatories so that the United States does not have to defend a claim without minimal evidence of standing and so that it can challenge standing by dispositive motion at an early stage. *United States v. $133,420.00 in U. S. Currency*, 2010 WL 2594304 at *7 (D. Ariz. June 23, 2010)(No. CV-09-8096-PCT-NVW).

In response to Plaintiff's motion to strike, Claimant, through counsel, states that he first learned on September 27, 2013 in a call from Plaintiff's attorney that no Answer had been filed to the Verified Complaint. He says nothing in the response about the special interrogatories. He requests that the Court allow Claimant to file a response to the motion to strike; allow claimant to file responsive pleadings to the Verified Complaint filed on February 5, 2013; and allow the Claimant to file motions and objections related to the special interrogatories submitted by the United States. He states that without such requested relief, Claimant will be deprived of his property in the sum of $29,410.00 in U. S. Currency.

Claimant's response is too little, too late. As the Plaintiff points out in response to Claimant's motion [Doc. No. 17], it is not necessary for Claimant to request an opportunity to respond to Plaintiff's motion because pursuant to Local Civil Rule 7.1(g), Claimant had the opportunity and the obligation to respond to Plaintiff's motion within 21 days after the motion was filed. As to the filing of an Answer to the Verified Complaint, the Answer was due many months ago. *See* Fed.R.Civ.P. 12(a)(1)(A); Supplemental Rule G(5)(b). The answers or objections to the special interrogatories were likewise due months ago and Claimant has waived his right to object to them or file any motion directed to them. *See* Fed.R.Civ.P. 33(b)(4).

In accordance with the foregoing, Plaintiff's motion to strike the claim of Claimant Walter Kevin Moore III, a/k/a Walter John Moore III [Doc. No. 15] is GRANTED and Claimant's motion to allow him the opportunity to respond to the motion to strike and to file

motions related to pleadings filed by the government on February 5, 2013 [Doc. No. 16] is DENIED.

IT IS SO ORDERED this 4th day of February, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE