# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-132-D |
| | ) | |
| $29,410.00 IN THE UNITED STATES CURRENCY, More or Less, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On February 4, 2014, this Court entered its Order [Doc. No. 18] striking the claim of Claimant Walter Kevin Moore III, a/k/a Walter John Moore III (Claimant). Thereafter, Plaintiff filed its Application for Entry of Default [Doc. No. 19] pursuant to Fed. R. Civ. P. 55(a). Additionally, Claimant has filed multiple motions [Doc. Nos. 20, 22-26] in response to both the Court's Order and Plaintiff's Application for Default. Plaintiff, in turn, has filed Motions to Strike [Doc. Nos. 29- 30] as to certain motions filed by Claimant. These matters are fully briefed and before the Court for consideration.

## Discussion

This *in rem* civil forfeiture action arises out of a federal statute, 21 U.S.C. § 881(a)(6), and is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). When the Government brings a forfeiture action, it must file a verified complaint and set forth allegations concerning the property and the factual and statutory basis for its seizure. *See* Supp. R. G(2). The Government must also provide notice of the action to anyone who reasonably appears to be a potential claimant. Supp. R. G(4). The Government filed

its verified complaint [Doc. No. 1] on February 5, 2013 and provided notice to Claimant [Doc. No. 5] on February 14, 2013.

To contest the forfeiture, a claimant must first file a claim within the time specified in the Government's notice. *See* Supp. R. G(5)(a). Within twenty-one days after filing a claim, the claimant must file an answer. Supp. R. G(5)(b).

Claimant filed a Verified Proof of Claim [Doc. No. 7] on March 20, 2013.[1] Claimant did not, thereafter, file an answer. Additionally, Claimant did not respond to Plaintiff's First Set of Special Interrogatories. As a result, Plaintiff moved to strike Claimant's Verified Proof of Claim pursuant to Supp. R. G(8)(c) and the Court granted Plaintiff's motion by Order entered on February 4, 2014 [Doc. No. 18]. Plaintiff has now filed an Application for Entry of Default [Doc. No. 19].

Claimant has filed multiple motions subsequent to the entry of the Court's February 4, 2014 Order. Claimant asks the Court to reconsider its order striking his verified proof of claim and opposes Plaintiff's application for entry of default. Claimant has also filed various other motions addressed to the merits of the forfeiture itself. Each of the pending matters before the Court are addressed in turn below.

**I.     Claimant's Motion to Reconsider**

In support of his Motion for Reconsideration [Doc. No. 25] Claimant alleges that "intricate procedural law relating to forfeiture actions" and "uncertainty" in the law as to vehicular searches impaired his ability to timely respond. He further claims, he did not receive notice from Plaintiff "detailing his responsibility to file an Answer." Additionally, he claims a government shutdown

---

[1] At the time Claimant filed his claim, he appeared *pro se*. However, on June 10, 2013, counsel entered an appearance on behalf of Claimant [Doc. No. 11].

"hampered progress in this case" as did the "late involvement" of his counsel which was due, in part, to his inability to afford counsel as a result of the seizure of his funds.

A motion to reconsider is not recognized under the Federal Rules of Civil Procedure. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). And, whether to reconsider a non-final order is subject to the court's "general discretionary authority." *Trujillo v. Board of Educ. of the Albuquerque Public Schools*, 212 Fed. Appx. 760, 765 (10th Cir.2007). A motion to reconsider is inappropriate where it reargues an issue previously addressed or advances arguments that could have been raised in prior briefing. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Instead, only where the court has "misapprehended the facts, a party's position, or the controlling law" is a motion for reconsideration proper. *Id*.

Claimant fails to show grounds for reconsideration. He makes no showing that the Court has misapprehended the facts, the parties' positions or any applicable law. Instead, Claimant offers purported reasons why he did not timely file an answer. But none of the arguments made or the alleged facts stated in support were unavailable to Claimant prior to the Court's entry of the order striking his verified claim. Moreover, the reasons offered by Claimant for not acting with diligence in getting his answer on file or responding to the interrogatories are belied by the record, conclusory, or otherwise without merit. Therefore, Claimant's Motion for Reconsideration [Doc. No. 25] is DENIED.

II. **Plaintiff's Application for Entry of Default and Claimant's Opposition to Entry of Default Judgment**

Plaintiff has filed an Application for Entry of Default [Doc. No. 19] pursuant to Fed. R. Civ. P. 55(a) which mandates entry of default by the clerk "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Plaintiff has accompanied its application with the requisite affidavit.

The Supplemental Rules do not include any provisions relating to default and default judgments in forfeiture actions. However, Supplemental Rule A(2) provides that the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with these Supplemental Rules." Supp. R. A(2).

Federal Rule of Civil Procedure 55(a) authorizes the entry of default against a party who has failed to plead or otherwise defend. As set forth, this Court entered an order striking Claimant's Verified Claim because Claimant did not thereafter timely file an answer and failed to respond to special interrogatories. No other claimants have timely filed a claim or an answer.

Accordingly, the Court GRANTS Plaintiff's Application [Doc. No. 19] and directs the Clerk of the Court to enter a default pursuant to Fed. R. Civ. P. 55(a). Because Rule 55 requires entry of a default by the Clerk before a default judgment may be entered, Claimant's objection to entry of a default judgment is premature. *See, e.g., Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."). The Court therefore DENIES Claimant's Opposition to Plaintiff's Application for Default [Doc. No. 20].

### III. Claimant's Additional Motions

#### A. Claimant's Motion to Dismiss

Claimant has filed a Motion to Dismiss and Brief in Support [Doc. Nos. 22-23] pursuant to Supp. R. G(8)(b). He challenges the legality of the forfeiture of currency at issue in this case. Claimant contends the forfeiture resulted from an unlawful search and seizure.

Pursuant to Supp. R. G(5)(b), if a claimant chooses to file a motion to dismiss, the motion must be filed within twenty-one days of filing a claim. As set forth, Claimant neither answered nor filed a motion to dismiss within the requisite time period under the Supplemental Rules and the Court granted Plaintiff's motion to strike as a result.[2] To the extent Claimant's motion to dismiss could be construed as a supplemental motion in response to Plaintiff's motion to strike, Claimant did not seek leave of Court to file a supplemental brief. *See* LcvR 7.1(I). Claimant's Motion to Dismiss and Brief in Support [Doc. Nos. 22-23] are therefore STRICKEN.[3] Plaintiff's Motion to Strike Claimant's Brief in Support [Doc. No. 29] is denied as MOOT.

### B. Claimant's Motion to Suppress

Claimant has also filed a Motion to Suppress [Doc. No. 24] and seeks suppression of the currency seized on grounds the seizure was unlawful. Claimant lacks statutory standing to bring the motion.

It is well-established that a forfeiture claimant must meet both Article III and statutory standing to contest a forfeiture. *See, e.g., United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n. 9 (3d Cir. 2003) ("A forfeiture claimant must meet both Article III and statutory standing requirements before it may stand before a court to contest a forfeiture."); *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir.1989)("We require proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement."); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir.1998) ("In order to contest a

---

[2] Pursuant to Supp. R. G(8)(c)(ii)(A), a motion to strike must be decided "before any motion by the claimant to dismiss the action."

[3] As set forth *infra*, even if the Court did not strike Claimant's motion to dismiss, he lacks statutory standing to raise the issues set forth therein.

5

governmental forfeiture action, claimants must have statutory standing through compliance with [the Supplemental Rules], as well as the Article III standing required for any action brought in federal court.").

Statutory standing requires that a claimant strictly comply with the procedural requirements of the Supplemental Rules. *See, e.g., United States v. $487, 825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007) ("To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth [in the Supplemental Rules]."); *United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir.2000) (even though claimant argued that his unverified claim obviated need for answer, "it was proper for the district court to insist upon a timely answer" because strict compliance with standing aspects of Supplemental Rules is typically required); *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) (claimant who fails to meet specified time deadlines in Supplemental Rules lacks statutory standing); *United States v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552*, 980 F.2d 1242, 1245 (8th Cir. 1992) ("requirement that both a claim and an answer be filed is plain and unambiguous . . . [and] [s]trict compliance with the rule requires both a claim and an answer") (citations omitted); *United States v. $19,840.00 in U.S. Currency More or Less*, 552 F.Supp.2d 632, 636 (W.D.Tex.2008) ("In order to defend against a forfeiture, a claimant must timely file both a claim and an answer."); *United States v. 328 Pounds More or Less, of Wild American Ginseng*, 347 F.Supp.2d 241, 249 (W.D.N.C.2004) (dismissing claim where claimant failed to comply with Supplemental Rules requirements, including filing of an answer).

As set forth, Claimant has failed to comply with the requirements of the Supplemental Rules by not timely filing an answer or responding to special interrogatories and his claim has been

stricken as a result. Therefore, Claimant lacks statutory standing to contest forfeiture. *See, e.g., United States v. $12,126.00 in United States Currency*, 337 Fed. Appx. 818, 819 (11th Cir. 2009) (claimants must strictly adhere to Supplemental Rules to have statutory standing; district court did not abuse its discretion in striking claim and denying motion to reconsider due to claimant's lack of statutory standing resulting from failure to file answer); *United States v. $138,381.00 in U.S. Currency*, 240 F.Supp.2d 220, 229-30 (E.D. N.Y. 2003) (where claimant failed to file a timely verified answer and never requested an extension of time within which to do so, she lacked statutory standing to contest forfeiture).

Claimant has not set forth sufficient facts demonstrating any reason for this Court to excuse strict compliance with the Supplemental Rules. Consequently, Claimant does not have statutory standing and his Motion to Suppress [Doc. No. 24] is DENIED.

### C. Claimant's Duplicative Motions

The Court strikes Claimant's Motion to Suppress [Doc. No. 26] filed on February 18, 2014, as duplicative of the Motion to Suppress [Doc. No. 24] filed on February 17, 2014. The Court further strikes Claimant's Opposition to Plaintiff's Application for Default [Doc. No. 21] filed on February 12, 2014 as duplicative of Claimant's Opposition to Plaintiff's Application for Default [Doc. No. 20] filed on February 10, 2014. The Court denies as moot Plaintiff's Motion to Strike [Doc. No. 30].

### IV. Conclusion

Based on the foregoing, it is ORDERED as follows:

1. Claimant's Motion for Reconsideration [Doc. No. 25] is DENIED;

2. Plaintiff's Application for Entry of Default [Doc. No. 19] is GRANTED and the Court of Clerk is directed to enter default;

3. Claimant's Opposition to Application of Plaintiff for Entry of Default [Doc. No. 20] is DENIED;

4. Claimant's Motion to Dismiss and Brief in Support [Doc. Nos. 22-23] are STRICKEN;

5. Plaintiff's Motion to Strike Claimant's Brief in Support of Motion to Dismiss [Doc. No. 29] is DENIED as moot;

6. Claimant's Motion to Suppress [Doc. No. 24] is DENIED;

7. Claimant's Motion to Suppress [Doc. No. 26] and Claimant's Opposition to Plaintiff's Application for Default [Doc. No. 21] are STRICKEN; and

8. Plaintiff's Motion to Strike Claimant's Motions to Suppress [Doc. No. 30] is DENIED as moot.

IT IS SO ORDERED this 27th day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE